**Thomas M. McNIFF, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD CO., Respondent.**

No. 38563.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 22, 1977.

defendant to call as his witness the ETU to establish what, if anything, it did or found."

Hale W. Brown, H. William Brown, Kirkwood, for appellant.

Charles M. Lippert, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Wrongful death action by widower arising from a railroad-crossing collision between defendant's train and an automobile driven by plaintiff's decedent. Verdict was for defendant and plaintiff appeals from the adverse judgment.

Plaintiff contends on appeal that the trial court erred in orally directing the jury to disregard previous erroneous comments by plaintiff's counsel about the lack of gates. Plaintiff contends the court's comment was an instruction on the law, which could properly be given only by a written instruction.

The collision occurred in Kirkwood, St. Louis County, where Geyer Road crosses defendant's tracks. The crossing was guarded by flashing lights but not by crossing gates. In direct examination of plaintiff's first witness, a retired locomotive engineer, plaintiff's counsel was permitted to show defendant did have crossing gates where its tracks crossed another public street, Lindbergh Boulevard. This was over defense objection that the location of crossing gates was under exclusive control of the Public Service Commission. Later, plaintiff's counsel asked the engineer if defendant did install crossing gates at Geyer Road some time after the fatal collision. Defense counsel moved for a mistrial. Plaintiff's counsel said he realized he should not have asked the question and withdrew it. The court reserved its ruling on a mistrial and called a recess to consider the motion, declaring that in view of § 389.640, the location of crossing gates was within the exclusive jurisdiction of the Public Service Commission. Plaintiff's counsel urged the court to deny defendant's motion for a mistrial, suggesting his erroneous statements about crossing gates could be cured by instructing the jury to disregard his statements.

After an overnight recess the trial court informed counsel it was prepared to order the jury to disregard the crossing-gate comments because only the Public Service Commission could prescribe the installation of crossing gates, this to "take away a potential inference which . . . might still be in the minds of the jury." The court then invited counsel to object to its intended ruling. Plaintiff's counsel responded he had neither comment nor suggestion. The court then denied defendant's motion for a mistrial, and told the jury:

". . . The court instructs the jury that it is to disregard the comment made by plaintiff's attorney regarding the erection or installation of crossing gates. That comment was made just before we finished. That comment is to be disregarded by the jury, and it is ordered stricken from the record.

"The Court further instructs the jury that a check with the Missouri law reveals that only the Missouri Public Service Commission has the exclusive authority to indicate when and where crossing gates should be installed and erected, and it is the exclusive responsibility and the exclusive authority of the Missouri Public Service Commission to make that determination.

"With those instructions in mind, we will now continue with the case."

█ This was a correct declaration of the substantive law as to the lack of crossing gates. *State ex rel. Kansas City v. Public Service Commission,* 524 S.W.2d 855[2] (Mo. 1975).

The trial resumed as to details of the crossing collision and concluded with a defendant's verdict. After-trial motion and appeal followed.

█ The sole issue is the propriety of the trial court making the quoted oral comments instead of giving a written instruction.[1] We need not reach the lack of substantive merit of that contention. This, because plaintiff's counsel, as recited above, acknowledged his error in injecting the statements about crossing gates, suggested the error could be cured by instructing the jury to disregard his statements, and declared he had neither comment nor suggestion as to the trial court's announced intention to order the jury to disregard the improper comments. And, after the trial court had done so, plaintiff's counsel did not object.

Plaintiff utterly failed to preserve for review the objection he now belatedly raises.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.

1. MAI 34.01, Withdrawal Instructions, declares: "Essentially the purpose of a withdrawal instruction is served by the Court sustaining a motion to strike and admonishing the jury to disregard the evidence. However, in certain instances, the trial court may determine that such action is inadequate or untimely and that a written instruction is necessary."